**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JEREMY GATES, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

FENIX INTERNET LLC d/b/a OnlyFans.com, a Delaware limited liability company,

Defendant.

Case No.:

**Jury Trial Demanded**

**CLASS ACTION**

## CLASS ACTION COMPLAINT

## NATURE OF THE ACTION

Plaintiff JEREMY GATES alleges in this class action complaint that defendant FENIX INTERNET, LLC, through its online service OnlyFans.com ("OnlyFans" or "Defendant"), violates California law in connection with automatically renewing subscriptions. Among other things, OnlyFans enrolls consumers in automatic renewal membership programs without providing the "clear and conspicuous" disclosures mandated by California law, and posts charges to consumers' credit or debit cards for purported membership charges without first obtaining the consumers' affirmative consent to an agreement containing the requisite clear and conspicuous disclosures. This course of conduct violates the Auto Renewal Law ("ARL"), which is part of California's False Advertising Law and the Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code § 17200 et seq.

## SUMMARY OF APPLICABLE LAW

1. In 2009, the California Legislature passed Senate Bill 340, which took effect on December 1, 2010, as Article 9 of Chapter 1 of the False Advertising Law. Cal. Bus. & Prof. Code § 17600 et seq. (the California Automatic Renewal Law or "ARL"). SB 340 was introduced because:

> It has become increasingly common for consumers to complain about unwanted charges on their credit cards for products or services that the consumer did not explicitly request or know they were agreeing to. Consumers report they believed they were making a one-time purchase of a product, only to receive continued shipments of the product and charges on their credit card. These unforeseen charges are often the result of agreements enumerated in the "fine print" on an order or advertisement that the consumer responded to.

2. The Assembly Committee on Judiciary provided the following background for the legislation:

> This non-controversial bill, which received a unanimous vote on the Senate floor, seeks to protect consumers from unwittingly consenting to "automatic renewals" of subscription orders or other "continuous service" offers. According to the author and supporters, consumers are often charged for renewal purchases without their consent or knowledge. For example, consumers sometimes find that a magazine subscription renewal appears on a credit card statement even though they never agreed to a renewal.

3. The ARL seeks to ensure that before there can be a legally binding automatic renewal, there must first be clear and conspicuous disclosure of certain terms and conditions and affirmative consent by the consumer. To that end, § 17602(a) makes it unlawful for any business making an offer containing an automatic renewal term to a consumer in California to do any of the following:

a. Fail to present the automatic renewal offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer. For this purpose, "clear and conspicuous" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code § 17601(c). "In the case of an audio disclosure, 'clear and conspicuous' … means in a volume and cadence sufficient to be readily audible and understandable." *Ibid*. The statute defines "automatic renewal offer terms" to

mean the "clear and conspicuous" disclosure of the following: (1) that the subscription or purchasing agreement will continue until the consumer cancels; (2) the description of the cancellation policy that applies to the offer; (3) the recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known; (4) the length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and (5) the minimum purchase obligation, if any. Cal. Bus. & Prof. Code § 17601(b).

b. Charge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal without first obtaining the consumer's affirmative consent to the agreement containing clear and conspicuous disclosure of the automatic renewal offer terms, including the terms of an automatic renewal offer that is made at a promotional or discounted price for a limited period of time. Cal. Bus. & Prof. Code § 17602(a)(2).

c. Fail to provide an acknowledgment that includes the automatic renewal, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. Cal. Bus. & Prof. Code § 17602(a)(3).

4. Section 17602(b) requires that the acknowledgment specified in § 17602(a)(3) include a toll-free telephone number, electronic mail address, or another "cost-effective, timely, and easy-to-use" mechanism for cancellation. If a business sends any goods, wares, merchandise, or products to a consumer under a purported automatic renewal without first obtaining the consumer's affirmative consent to an agreement containing the "clear and conspicuous" disclosures as specified in the ARL, the goods, wares, merchandise, and/or products are deemed

to be an unconditional gift to the consumer, who may use or dispose of them without any obligation whatsoever. Cal. Bus. & Prof. Code § 17603.

5. Violation of the ARL gives rise to restitution and private and public injunctive relief under the general remedies provision of the False Advertising Law, Bus. & Prof. Code §§ 17535, 17604(a) and 17203.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1332(d) because this action is a class action in which the aggregate amount in controversy for the proposed Class (defined below) exceeds $5,000,000, and at least one member of the Class is a citizen of a state different from that of Defendant. Plaintiff is a citizen of California and Defendant is a citizen of Delaware.

7. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b)(1) because Defendant designated this District as its home district in the United States.

**PARTIES**

8. Plaintiff is an adult citizen residing in Oceanside, California.

9. Defendant Fenix Internet LLC is a Delaware limited liability company. Defendant owns and operates OnlyFans.com.

**FACTS GIVING RISE TO THIS ACTION**

10. Through its website, OnlyFans.com, Defendant offers consumers access to a range of content providers who are then allowed to offer their own subscription plans to the public. However, Defendant designed and offers these plans to the public in a manner that does not comply with the California Automatic Renewal Law. Consumers who interact with the content creators are commonly presented with offers to "subscribe" in various ways that do not comply with the ARL.

11. The first step is for the consumer to create an account.

12. The next step is for the consumer to verify their email address.

13. When logged in, the user must add a card for payment.

14. To access content, the user must find the profile of a creator. On the profile, a "subscribe" button appears which shows the price of the subscription.

15. For the reasons explained below, Defendant does not provide consumers with automatic renewal disclosures in the manner required by California law.

16. In April 2024, Plaintiff went through the sequence of pages described above. Plaintiff selected a subscription for $4.00.

17. When Plaintiff entered his credit card details and accepted the $4.00 charge, Plaintiff believed that his credit card would be charged at most for a $4.00 subscription.

18. However, approximately a month later, Plaintiff's credit card was charged $20.00.

19. Plaintiff was not aware that Defendant was going to enroll him in a subscription that would post monthly $20.00 charges to Plaintiff's credit card, which were considerably higher than expected. Nevertheless, on six occasions, Defendant posted unexpected monthly charges of $20.00 on Plaintiff's credit card.

20. These additional charges posted by Defendant to Plaintiff's credit card resulted in receiving less value than he expected and more charges than he consented to. Plaintiff did not wish to spend more than $4.00.

21. If Plaintiff had known that Defendant was going to enroll him in an automatically renewing program that would result in excess charges above $4.00 being posted to his credit card, Plaintiff either would not have submitted his credit card account to Defendant or would

have cancelled his subscription to avoid any further charges to his credit card during or after April 2024.

22. When Plaintiff finally noticed the six unwanted renewal charges, he cancelled his account with Defendant.

23. Plaintiff would like to use OnlyFans.com in the future, but only if Defendant discloses actual subscription prices and otherwise complies with the ARL.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this lawsuit as a class action under Fed. R. Civ. P. 23 on behalf of the following Class:

> All individuals in California who were (1) enrolled in a subscription through OnlyFans.com on or after May 13, 2021, and (2) charged for such OnlyFans.com subscription within the applicable statute of limitations.

Excluded from the Class are all employees of Defendant, all employees of Plaintiff's counsel, and the judicial officers to whom this case is assigned.

25. **Ascertainability**. The members of the Class may be ascertained by reviewing records in the possession of Defendant and/or third parties, including without limitation Defendant's marketing and promotion records, customer records, and billing records.

26. **Common Questions of Fact or Law**. There are questions of fact or law that are common to the members of the Class, which predominate over individual issues. Common questions regarding the Class include, without limitation:

- Whether Defendant presents all statutorily mandated automatic renewal offer terms in a manner that is clear and conspicuous within the meaning of California law and in visual proximity to a request for consent to the offer;

- Whether Defendant provides consumers with the cancellation policy and information regarding a mechanism for cancellation that is cost-effective, timely, and easy to use;
- Whether Defendant obtains affirmative consent prior to charging Plaintiff's credit card for a renewal; and
- The appropriate remedies for Defendant's conduct.

27. **Numerosity**. The Class is so numerous that joinder of all Class members would be impracticable. Plaintiff is informed and believes and thereon alleges that the Class consists of at least 100 members.

28. **Typicality and Adequacy**. Plaintiff's claims are typical of the claims of the Class members. Defendant enrolled Plaintiff and other Class members in automatic renewal without disclosing all automatic renewal offer terms required by law, and without presenting such terms in the requisite clear and conspicuous manner; charged Plaintiff's and Class members' credit cards, debit cards, or third-party accounts without first obtaining affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal offer terms; and failed to provide the requisite acknowledgment with the required disclosures. Plaintiff has no interests adverse to those of the other Class members. Plaintiff will fairly and adequately protect the interests of the Class members.

29. **Superiority**. A class action is superior to other methods for resolving this controversy. Because the amount of restitution to which each Class member may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for Class members to redress the wrongs done to them without a class action forum. Furthermore, Class members do not know that their legal rights have been violated. Class

certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

30. **Risk of Inconsistent or Varying Adjudications**. Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. As a practical matter, adjudication with respect to individual Class members would also be dispositive of the interests of others not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

31. Defendant Has Acted on Grounds Generally Applicable to the Class. Defendant has acted on grounds that are generally applicable to each Class member, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

False Advertising – Based on Violations of the
California Automatic Renewal Law
Cal. Bus. & Prof. Code §§ 17600, and 17200

32. Plaintiff incorporates the previous allegations as though fully set forth herein.

33. Plaintiff is informed and believes and thereon alleges that, during the applicable statute of limitations period, Defendant has enrolled consumers, including Plaintiff and Class members, in an automatic renewal program in violation of the ARL by, among other things, (a) failing to present automatic renewal offer terms in a clear and conspicuous manner before a subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to a request for consent to the offer; (b) charging the consumer's credit card, debit card, or third-party payment account for an automatic renewal without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosure of all automatic renewal offer terms; and (c) failing to provide an

acknowledgment that includes clear and conspicuous disclosure of all automatic renewal offer terms, the cancellation policy, and information regarding a mechanism for cancellation that is cost-effective, timely, and easy to use, all in violation of § 17602(a) and (b). Plaintiff has suffered injury-in-fact and lost money as a result of Defendant's violations of the ARL. Pursuant to Bus. & Prof. Code § 17535, Plaintiff and Class members are entitled to restitution of all amounts that Defendant charged to Plaintiff's and Class members' credit cards, debit cards, or third-party payment accounts in connection with an automatic renewal membership program during the four years preceding the filing of this Complaint and continuing until Defendant's statutory violations cease.

34. Unless enjoined and restrained by this Court, Defendant will continue to commit the violations alleged herein. Pursuant to § 17535, on behalf of the Class and pursuant to § 17200 for the benefit of the general public of the State of California, Plaintiff seeks an injunction prohibiting Defendant from continuing their unlawful practices as alleged herein.

**SECOND CAUSE OF ACTION**
Violations of the Unlawful Prong of the California Unfair Competition Law
Bus. & Prof. Code § 17200 et seq.

35. Plaintiff incorporates the previous allegations as though fully set forth herein. The Unfair Competition Law defines unfair competition as including any unlawful, unfair, or fraudulent business act or practice; any unfair, deceptive, untrue, or misleading advertising; and any act of false advertising under § 17500. Cal. Bus. & Prof. Code § 17200.

36. In the course of conducting business in California within the applicable limitations period, Defendant committed unlawful business practices by:

(a) failing to present automatic renewal offer terms in a clear and conspicuous manner before a subscription or purchasing agreement is fulfilled and in visual proximity, or in

the case of an offer conveyed by voice, in temporal proximity, to a request for consent to the offer, in violation of § 17602(a)(1);

(b) charging the consumer's credit card, debit card, or third-party payment account in connection with an automatic renewal without first obtaining the consumer's affirmative consent to an agreement containing clear and conspicuous disclosures of all automatic renewal offer terms, in violation of § 17602(a)(2); and

(c) failing to provide an acknowledgment that includes clear and conspicuous disclosure of all required automatic renewal offer terms, the cancellation policy, and information regarding a cancellation mechanism that is cost-effective, timely, and easy-to-use, in violation of § 17602(a)(3).

37. The acts and omissions of Defendant, as alleged herein, violate obligations imposed by statute.

38. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

39. Plaintiff lost money as a result of Defendant's acts of unfair competition when Defendant charged Plaintiff for a renewal of a subscription without disclosing the increased charge and obtaining affirmative consent.

40. Pursuant to § 17203, Plaintiff and the Class members are entitled to restitution of all amounts paid to Defendant in connection with an automatic renewal membership program in the four years preceding the filing of this Complaint and continuing until Defendant's acts of unfair competition cease.

41. Pursuant to § 17200, Plaintiff brings a claim on behalf of the general public to prevent Defendant from unlawfully selling subscriptions in a manner that does not comply with

California's requirement to be presented to its citizens prior to charging for subscription renewals.

42. Unless enjoined and restrained by this Court, Defendant will continue to commit the violations alleged herein.

43. Pursuant to § 17203, on behalf of the Class, Plaintiff seeks restitution of amounts unlawfully retained, and an injunction prohibiting Defendant from continuing its unlawful practices as alleged herein.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For restitution of amounts unjustly retained by Defendant on behalf of the Class;

B. An injunction on behalf of the People of the State of California prohibiting Defendant from continuing its false advertising as alleged herein;

C. For reasonable attorneys' fees, costs, and pre- and post judgment interest, pursuant to California Code of Civil Procedure § 1021.5 and/or Cal. Gov't Code § 91003 for successfully enforcing an important right affecting the public interest; and

D. For such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 13, 2025

Respectfully submitted,

Of Counsel:

Mark L. Javitch
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Attorneys for Plaintiff and the Putative Classes