IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEREMY GATES, individually and on Behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. No. 25-595-JLH-LDH |
| FENIX INTERNET LLC, d/b/a OnlyFans.com, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendant. | ) | |

FILED

NOV - 5 2025

U.S. DISTRICT COURT DISTRICT OF DELAWARE

## REPORT AND RECOMMENDATION

Plaintiff Jeremy Gates ("Plaintiff") alleges that Fenix Internet LLC ("Defendant" or "Fenix Internet") violated the Auto Renewal Law ("ARL"), which is part of California's False Advertising Law and the Unfair Competition Law ("UCL"). Pending before the Court is Defendant's Motion to Dismiss the Complaint for Failure to State a Claim (D.I. 11), which has been fully briefed. (D.I. 12, 14, 15). For the following reasons, I recommend that Defendant's Motion to Dismiss be DENIED.

I. **BACKGROUND**

This dispute arises out of Plaintiff's subscription to a creator on OnlyFans for the initial price of $4.00, which Plaintiff believed was a one-time charge. (D.I. 1 ¶ 16). Contrary to his apparent belief, however, Plaintiff's credit card was charged $20.00 a month for the next 6 months. (*Id.* ¶¶ 16–22). Plaintiff alleges that had he known the charges would be automatically recurring, and recurring at a rate of $20.00 per month, he would have either not used his card or canceled the subscription earlier. (*Id.*). Plaintiff further claims that Defendant's platform presents subscription

services without required disclosures about automatic renewals, cancellation procedures, and pricing changes in violation of California Business & Professional Code §§ 17200, 17602(a), (b) by failing to: (1) present automatic renewal terms clearly and conspicuously; (2) obtain affirmative consent of the conspicuous terms of renewal prior to charging the card on file; and (3) provide any acknowledgement with instructions on how the cancellation policy that is cost-effective, timely, and easy to use. (*Id.* ¶¶ 3, 33).

## II.  LEGAL STANDARD

In reviewing a motion filed under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The complaint need not contain detailed factual allegations, but conclusory allegations and "formulaic recitation[s] of the elements of a cause of action" are insufficient to give the defendant fair notice of the nature of and grounds for the claim. *Twombly*, 550 U.S. at 555. The complaint must contain facts sufficient to show that a claim has "substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). While this plausibility standard requires more of the complaint than allegations supporting the mere possibility that the defendant is liable as alleged, plausibility should not be taken to mean probability. *Twombly*, 550 U.S. at 545. A claim is facially plausible, and the standard is satisfied, when the claim's factual allegations, accepted as true, allow the court to reasonably infer that the defendant is liable as alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 1948 (2009).

## III.    DISCUSSION

Plaintiff's Complaint alleges that "Fenix Internet . . . owns and operates OnlyFans.com." (D.I. 1 ¶ 9). Plaintiff further alleges that Defendant "enroll[ed] him in a subscription that would post monthly $20.00 charges to Plaintiff's credit card," and that "on six occasions, Defendant posted unexpected monthly charges" all in violation of applicable law because Defendant did not provide adequate disclosure of the renewal charges. (*Id.* ¶¶ 15–21). Defendant moves to dismiss under Rule 12(b)(6) because, it argues, "Plaintiff [] has sued the wrong party." (D.I. 12 at 8). In support of its argument, Defendant relies on two things: (1) the terms of service at OnlyFans.com that, though not attached to the Complaint, are arguably alluded to in that Plaintiff alleges the disclosures were insufficient; and (2) the Declaration of Lee Taylor, the Chief Financial Officer of Fenix International Limited, who oversees the finances of Defendant Fenix Internet. I decline the consider anything in the Declaration that extends beyond the terms of service alluded to in the Complaint.[1]

With respect to the OnlyFans terms of service, Plaintiff's Complaint alleges, essentially, that whatever disclosures were made were insufficient to comply with applicable law. In response,

---

[1] The Declaration contains averments that go "outside the pleadings." *See* Fed. R. Civ. P. 12(d). Specifically, the Declaration contains statements alleging, for example, that "Fenix Internet does not operate Only Fans," and that "Fenix Internet does not have or pay for servers of its own, does not own any intellectual property or trademarks related to OnlyFans, and is not responsible for the day-to-day operations of Only Fans." (D.I. 13 ¶ 5). If I were to consider the matters contained in the Declaration that are outside the pleadings, I would be required to give reasonable notice and opportunity for all parties to present material that is pertinent to the Motion and to treat the Motion as "one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). I decline to do so. I note that OnlyFans or its related companies have repeatedly used declarations or affidavits to secure dismissals in other jurisdictions. But, in those jurisdictions, it appears that the entities moved to dismiss under Rule 12(b)(2), which is not subject to Rule 12(d). *See Doe v. Fenix Internet, LLC*, 2024 WL 2024 WL 2845961, at * 1, 4–7 (N.D. Ill. June 5, 2024); *Doe v. Fenix Internet, LLC*, Case No. 24-cv-3713-CRB, D.I. 28 at 1 n.1; *Doe*, Case No. 24-cv-3713-CRB, D.I. 33.

Defendant cites to the OnlyFans terms of service, which provide that "OnlyFans is operated by Fenix International Limited," a "limited company registered in England and Wales, with . . . [its] registered office address at 9th Floor, 107 Cheapside, London, EC2V 6DN." (D.I. 12 at 7). This, Defendant says, is enough to warrant granting the Motion to Dismiss, citing a number of cases. I disagree. To start, the cases cited by Defendant are distinguishable in meaningful ways.[2] Moreover, to do what Defendant asks me to do is to refuse to accept Plaintiff's well-pled factual allegations as true and to view them in the light most favorable to Plaintiff. *See Phillips*, 515 F.3d at 233. Defendant says the terms of service, which it argues I may consider because they are integral to the Complaint, directly contradict Plaintiff's Complaint. They do not. The terms of service merely establish what Fenix International does; they do not plainly state that Fenix Internet has no involvement in the alleged conduct giving rise to Plaintiff's Complaint. At this stage, it is enough that Plaintiff has alleged that he did not knowingly agree to a monthly subscription because of insufficient disclosures, that he was charged, and that Defendant was the entity that levied those charges.[3] Whether he will ultimately prevail on his claims against Fenix Internet is not before me.

---

[2] Defendant's cited cases were dismissed not on the merits, but for lack of personal jurisdiction (which this Court has over Fenix Internet), and a concession from the plaintiff's counsel that they had not stated a claim against Fenix Internet in the Northern District of Illinois. Neither instance is present here, and, further, the cited cases were dismissed pursuant to Rule 12(d), not Rule 12(b)(6). *See Doe v. Fenix Internet, LLC*, 2024 WL 2024 WL 2845961, at * 1, 4–7 (N.D. Ill. June 5, 2024); *Doe v. Fenix Int'l Ltd.*, Case No. 24-cv-3713-CRB, D.I. 28 at 1 n.1 (N.D. Cal. Oct. 2, 2024); *Doe*, Case No. 24-cv-3713-CRB, D.I. 30 at 4:8–11, 18–21 (Nov. 22, 2024); *Muto v. Fenix Int'l Ltd.*, 2024 WL 2148734, at *5, n.5 (C.D. Cal. May 2, 2024). To the extent that *Doe* discusses the merits of claims against Fenix Internet rather than Fenix International, Ltd., the claims there dealt with the collection and use of biometric data not payment processing, which Defendant agrees is part of (D.I. 13 ¶ 6).

[3] The ARL makes it unlawful for a business making an automatic renewal offer to a consumer in California to: (1) "[f]ail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity . . . to the request for consent to the offer"; (2)

4

## IV. CONCLUSION

For the foregoing reasons, I recommend that Fenix Internet's Motion to Dismiss for failure to state a claim be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: November 5, 2025

Laura D. Hatcher
United States Magistrate Judge

---

"[c]harge the consumer's credit or debit card . . . for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement"; or (3) "[f]ail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code §§ 17602(a)(1)–(3).

5