IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEREMY GATES, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>   v.<br><br>FENIX INTERNET LLC d/b/a OnlyFans.com, a Delaware limited liability company,<br><br>            Defendant. | C.A. No. 25-595-JLH-LDH |

## ORDER

At Wilmington this 4th day of February, 2026;

WHEREAS, Magistrate Judge Hatcher issued a Report & Recommendation on November 5, 2025 (D.I. 18, the "R&R"), recommending that the Court deny Defendant Fenix Internet LLC's Motion to Dismiss Plaintiff's Class Action Complaint for Failure to State a Claim (D.I. 11);

WHEREAS, on November 19, 2025, Defendant filed Objections to the R&R (D.I. 22);

WHEREAS, on December 3, 2025, Plaintiff filed a Response (D.I. 23);

WHEREAS, the Court reviews the Objections *de novo*, *see* 28 U.S.C. § 636(b)(1)(C);

WHEREAS, Defendant objects to the R&R's conclusion that Plaintiff's Complaint (D.I. 1) states a plausible claim against Defendant (D.I. 22 at 1, 3–7);

WHEREAS, having reviewed the issue *de novo*, the Court concludes that the Complaint states a plausible claim against Defendant;

WHEREAS, Defendant makes three arguments for why the Complaint should be dismissed, and all three rely on its contention that Defendant Fenix Internet LLC is not the proper defendant for Plaintiff's claims (*id.*);

WHEREAS, Defendant first contends that the OnlyFans Terms of Service establish that non-party Fenix International is the proper Defendant (*id.* at 3–5)—the Court rejects this argument because the Complaint plausibly alleges claims against Defendant Fenix Internet LLC;[1]

WHEREAS, Defendant next contends that the Complaint's pertinent allegations are conclusory and should not be credited (*id.* at 6)—the Court rejects this argument;[2] and

WHEREAS, Defendant finally contends that the R&R misapplied California law (*id.* at 6–7)—the Court rejects this argument because the R&R did not misapply California law;[3]

---

[1] Having reviewed the Terms of Service *de novo*, I agree with Judge Hatcher that they do not expressly contradict the Complaint's allegations. (R&R at 3–4.)

[2] For starters, this argument wasn't fairly raised before Judge Hatcher—it was asserted in a few words tucked into a clause of a sentence making additional arguments. (D.I. 12 at 7.) In any event, the allegations are not fatally conclusory. Construed in the light most favorable to Plaintiff, the Complaint plausibly alleges that Defendant is the entity that made Plaintiff an automatic renewal or continuous service offer in violation of California law. (D.I. 1 ¶¶ 9, 10, 13–19, 22.)

[3] Defendant contends that the R&R is incorrect because the California law at issue applies only to businesses that make automatic renewal offers and does not apply to businesses that merely facilitate payments. (D.I. 22 at 6–7.) But the R&R did not say that the Complaint states a claim because the California law applies to mere payment facilitators. Rather, it concluded that the Complaint plausibly alleges that Defendant is the entity that made Plaintiff an automatic renewal or continuous service offer.

NOW, THEREFORE, IT IS HEREBY ORDERED that

1. Defendant's Objections to the November 5, 2025 Report & Recommendation (D.I. 22) are OVERRULED.

2. Judge Hatcher's November 5, 2025 Report and Recommendation (D.I. 18) is ADOPTED.

3. Defendant Fenix Internet LLC's Motion to Dismiss Plaintiff's Class Action Complaint for Failure to State a Claim (D.I. 11) is DENIED.[4]

Dated: February 4, 2026

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

---

[4] To be clear, the Court has not concluded that Defendant Fenix Internet LLC is an appropriate defendant. Plaintiff would be well-advised to be prepared to articulate for the Court what discovery it needs, if any, before the Court can assess whether summary judgment in favor of Defendant is appropriate (on the basis that it is the wrong entity).